UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

---

MWH HOLDINGS, LLC,

       Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO CERTIFICATE NO.
XEQ3461418, IMPROPERLY NAMED AS CERTAIN
UNDERWRITERS AT LLOYD'S OF LONDON,

       Defendant.

Docket No. 1:20-cv-01152

---

## PLAINTIFF'S DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** The parties exchanged proposed Discovery Plans during the week of 1/18/21.

**COUNSEL PRESENT/REPRESENTING**:
Plaintiff:	William Aivalikles
Defendant:	Brian A. Suslak, Michael S. Savett

## CASE SUMMARY

**THEORY OF LIABILITY**: The Plaintiff asserts that the Defendant breached the insurance contract and negligently adjusted the claim of its insured.

**THEORY OF DEFENSE**: Defendant denies all allegations advanced by Plaintiff. Defendant requests a trial by jury for all matters raised in the Complaint.

**DAMAGES**: The Plaintiff sustained a property loss of $144,480.00 and is seeking attorney fees and costs.

**DEMAND**: February 22, 2021

**OFFER**: March 22, 2021

**JURISDICTIONAL QUESTIONS**:  None known at present.

**QUESTIONS OF LAW:**  None known at present.  The parties reserve the right to raise and brief any issues as they become known, in accordance with court rules and as otherwise set by the court discovery plan.

**TYPE OF TRIAL**: Jury.

## SCHEDULE

**TRACK ASSIGNMENT:** Standard – 12 months

**TRIAL DATE:**  Week of February 7, 2022

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault [no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline].

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

   Plaintiff: February 22, 2021              Defendant:   February 22, 2021

**JOINDER OF ADDITIONAL PARTIES:**

   Plaintiff: February 22, 2021              Defendant:   February 22, 2021

**THIRD-PARTY ACTIONS**: February 22, 2021

**MOTIONS TO DISMISS:** April 1, 2021

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

   Plaintiff: June 21, 2021    Defendant:    August 23, 2021

   Supplementations under Rule 26(e) due within fourteen (14) days of learning of information that triggers the duty to supplement.

**COMPLETION OF DISCOVERY:**
   *(1)*  October 1, 2021
   *(2)*  Date for completion of discovery on issues for early discovery, if any.

All parties shall make appropriate Rule 26(a)(1)(A) disclosures no later than sixty (60) days after the pretrial scheduling conference (March 29, 2021).

**MOTIONS FOR SUMMARY JUDGMENT***:* October 8, 2021

**CHALLENGES TO EXPERT TESTIMONY:** December 24, 2021

**DISCOVERY NEEDED:**

**Plaintiff:**   The Plaintiff anticipates propounding interrogatories, document production requests and depositions of Defendant's employees and experts.

**Defendant:**   Defendant contends that the discovery needed includes interrogatories, document production, and depositions concerning the allegations made by Plaintiff and the damages incurred by Plaintiff.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

All parties shall make appropriate Rule 26(a)(1)(A) disclosures by March 29, 2021.

**INTERROGATORIES**: A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**
Other than requests regarding the authenticity of records, a maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**
A maximum of 10 depositions by Plaintiff and 10 depositions by Defendant. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

Counsel shall provide electronic copies (thumb drive, CD, or DVD) of any discoverable information which is stored electronically. This shall include all electronically stored information ("ESI") on computers or back-up archival systems, "smart phones", personal digital assistants (PDA), cellular telephones, or, any other devices on which discoverable ESI is stored or maintained by the parties including, but not limited to, the contents of all electronic mail boxes (inbox, sent, deleted folders) electronic calendars, contents of the recycle bin, contents of temporary internet files folder, image files (such as jpg files), all drafts, revisions of such documents, attached "post-it" notes or other supplemental material, graphic images, photographic images, discs, video recordings, tapes and/or any other written materials. Also all discoverable digital information posted or received by any party by means of any social media, including, but not limited to Facebook, MySpace, Twitter or any electronic "bulletin boards" or weblogs.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

Counsel shall review documents including ESI provided to opposing counsel to determine any privilege claims. If any claim of privilege or immunity from discovery is made, the party claiming such privilege or immunity must provide a privilege log so that the Court may review, in camera, the materials subject to the alleged privilege.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

Settlement cannot be evaluated prior to the close of discovery and may be enhanced by mediation according to this Court's ADR program.

**JOINT STATEMENT RE: MEDIATION:**

Mediation will occur no later than November 9, 2021. The parties will exchange mediation statements 7 days prior to mediation.

**TRIAL ESTIMATE:** 3-4 days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

None at this time.

        Respectfully submitted by,
        MWH Holdings, LLC,
        Through their attorney,

Dated: January 25, 2021        */s/ William Aivalikles*
        William Aivalikles, Esq., NHB #308
        253 Main Street
        Nashua NH 03060
        Phone: (603)880-0303
        Fax: (603) 882-0065
        Email: william@nhtriallaw.com